IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.                                                  Case No. 6:06-cr-10206-JTM-1
                                                    Case No. 6:16-cv-01318-JTM

TONG SAYONH,

        Defendant.

**MEMORANDUM AND ORDER**

This matter is before the court on defendant Tong Sayonh's Motion to Vacate Sentence pursuant to 28 U.S.C. § 2255. Dkt. 76. The motion argues that defendant's sentence was based on a guideline enhancement for career offenders that is invalid under the rule of *United States v. Johnson*, 135 S.Ct. 2551 (2015). The Government argues that defendant's career offender status had no impact on his guideline range or his sentence, and that his motion should be denied on that basis. Alternatively, the Government argues the case should be stayed until the Supreme Court decides *Beckels v. United States*, Dkt. No. 15-8544, *cert. granted*, June 27, 2016, which will determine whether *Johnson* applies retroactively to the sentencing guidelines.

**I. Background.**

On November 20, 2006, defendant pled guilty to a four-count superseding information charging three counts of unlawful possession with intent to distribute more

than 50 grams of a mixture containing methamphetamine, in violation of 21 U.S.C. § 841(a) & (b)(1)(B), and one count of criminal forfeiture. Dkt. 29.

A Presentence Report (PSR) determined, based on the amount of drugs involved, that defendant's base offense level under § 2D1.1 was 32. PSR ¶45. A 2-level enhancement for possession of a firearm (2D1.1(b)(1)) and a 3-level reduction for acceptance of responsibility (3E1.1(a) & (b)) resulted in an adjusted offense level of 31. PSR ¶53. The PSR also concluded that defendant qualified as a career offender under § 4B1.1, because he had two prior convictions for crimes of violence, namely aggravated robbery and aggravated escape from custody. This finding also resulted in an adjusted offense level of 31, stemming from an offense level of 34 and a 3-level reduction for acceptance of responsibility. PSR ¶54. Accordingly, defendant's adjusted offense level was the same with or without application of the career offender enhancement. The same was true with respect to his Criminal History Category. Defendant had 26 criminal history points from prior convictions, placing him in Category VI. PSR ¶80. The career offender finding also placed him in Category VI. *Id*.

Based on an offense level of 31 and a Criminal History Category VI, the PSR thus determined that defendant's guideline range for imprisonment was 188 to 235 months. The court imposed a sentence of 188 months, at the low end of the guideline range. Dkt. 43.

**II. Discussion.**

Defendant argues that the rule of *Johnson* retroactively invalidates his classification as a career offender under the guidelines. At first glance, the

2

Government's response appears correct that any *Johnson* error was harmless, because defendant's guideline range would have been the same at sentencing with or without the § 4B1.1 career offender enhancement. But although that was true at the time of sentencing, it no longer appears to be the case. Amendment 782 to the guidelines reduced the base offense levels assigned to drug quantities in § 2D1.1, effectively lowering the guidelines for some drug offenses. *See* U.S.S.G., suppl. to app. C, amend. 782 (U.S. Sentencing Comm'n 2014). The amendment became effective November 1, 2014, and applies retroactively. The catch is that the amendment has no impact on a sentence that was based on the career-offender provision under § 4B1.1. *See United States v. Parker*, 2016 WL 1459518, *2 (10th Cir. 2016).

As such, the *Johnson* issue might have an effect on the defendant's entitlement to a sentence reduction under 18 U.S.C. § 3582(c)(2). But eligibility under that provision depends in the first instance upon *Johnson* applying retroactively to the guidelines – the question the Supreme Court will decide in *Beckles*.

Because the Supreme Court will likely provide a definitive answer to the *Johnson* issue, the court concludes it is in the interest of judicial economy to stay the defendant's motion until the Supreme Court issues a ruling in *Beckles*.

**IT IS THEREFORE ORDERED** this 1st day of September, 2016, that further action on defendant's Motion to Vacate under § 2255 (Dkt. 76) is hereby STAYED

pending a decision by the U.S. Supreme Court in *Beckles v. United States*, Docket No. 15-8544 (June 27, 2016).

                                                    s/  J. Thomas Marten
                                                    J. THOMAS MARTEN, Judge