IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

UNITED STATES OF AMERICA,

        Plaintiff,

v.　　　　　　　　　　　　　　　　　　Crim. Case No. 6:06-cr-10206-JTM-1
　　　　　　　　　　　　　　　　　　　Civil Case No.  6:16-cv-01318-JTM

TONG SAYONH,

        Defendant.

## MEMORANDUM AND ORDER

This matter is before the court on the defendant's motion to vacate sentence pursuant to 28 U.S.C. § 2255 (Dkt. 76), and on the Government's motion to dismiss the § 2255 (Dkt. 80).

Defendant's motion argues that he was improperly subjected to an enhanced sentence for prior offenses that no longer qualify as "violent" felonies after the Supreme Court's ruling in *Johnson v. United States*, 135 S.Ct. 2551 (2015). *Johnson* found the residual clause of the Armed Career Criminal Act (ACCA) was unconstitutionally vague, in violation of the Due Process clause, and could not be used to enhance the statutory penalties for an offense. As the Government points out, however, defendant was only subject to an increased *advisory guideline range* due to his prior offenses, and the Supreme Court has since ruled that the advisory guidelines "are not subject to vagueness challenges under the Due Process clause…." *Beckles v. United States*, 137 S.Ct. 886, 890 (2017).

**IT IS THEREFORE ORDERED** this 28th day of July, 2017, that the Government's Motion to Dismiss the § 2255 (Dkt. 80) is GRANTED. Defendant's Motion to Vacate under 28 U.S.C. § 2255 (Dkt. 76) is DISMISSED.

Rule 11 of the Rules Governing Section 2255 Proceedings requires the court to issue or deny a certificate of appealability when it enters a final order adverse to the applicant. A certificate may issue only if the applicant has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2). To satisfy this standard, the movant must demonstrate that "reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Saiz v. Ortiz*, 392 F.3d 1166, 1171 n.3 (10th Cir. 2004) (*quoting Tennard v. Dretke*, 542 U.S. 274, 282 (2004)). Because defendant fails to satisfy the applicable standard, the court denies a certificate of appealability.

    s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE